# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS WILLIAMS, # K-66931, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-501-MJR |
| ) | |
| JASON GARNETT, ) | |
| SULLIVAN, ) | |
| HARRINGTON, ) | |
| DEBBIE ISAACS, ) | |
| WEXFORD SERVICES, INC., ) | |
| UNKNOWN PARTY (Dental, Wexford ) | |
|     Services, Inc.), ) | |
| and DR. McBRIDE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to his serious dental condition. He also asserts state law tort claims. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that the Complaint is subject to dismissal pursuant to § 1915A. However, Plaintiff shall be allowed an opportunity to amend his pleading.

### The Complaint

According to the Complaint, on July 16, 2016, Plaintiff was seen by "the Wexford medical providers Dental staff," and was told that his tooth #14 needed to be pulled. (Doc. 1, p. 5). However, the dentist extracted tooth #13 and left #14 alone. Plaintiff put in a number of grievances over the extraction of the wrong tooth. Following this error, Plaintiff has suffered

pain from tooth #14 and his infected gum, which prevents him from sleeping and eating. The infected area caused a terrible odor in Plaintiff's mouth. (Doc. 1, p. 5).

Plaintiff complained to "Administration" about the inadequate treatment, from September 2016 through November 2016. After these complaints, he received a call pass about the problem. (Doc. 1, p. 6). The Complaint does not disclose whether tooth #14 was eventually pulled or whether Plaintiff may have received follow-up treatment for his infection and pain.

Based on these facts, Plaintiff asserts a claim for deliberate indifference against Isaacs (Health Care Administrator), the Unknown Party Dentist, and Wexford Services, Inc., which employs the BMRCC dental staff. (Doc. 1, pp. 6-8). He also claims these Defendants engaged in "negligence and malpractice." (Doc. 1, p. 7).

An examination of the documents Plaintiff filed along with the Complaint sheds a bit more light on the sequence of events. In Plaintiff's grievance dated September 1, 2016, he states that he saw a dentist at Sheridan Correctional Center in July 2015, because of pain in tooth #14. (Doc. 1-2, p. 6). On November 21, 2015, the dentist told Plaintiff he did not want to fill tooth #14 due to fear of hitting the nerve, and recommended tooth #14 be extracted. *Id.* Later, at BMRCC on September 1, 2016, Plaintiff went to have the tooth extracted, but the dentist pulled the wrong tooth. The counselor's response written on this grievance states that an x-ray showed deep decay in tooth #13, and Plaintiff consented to have that tooth pulled. *Id.* Plaintiff filed another grievance on September 2, 2016 (Doc. 1-2, p. 7), which relates the same sequence of events, but specifies that the dentist extracted tooth #13, when it was tooth #14 that should have been pulled. Plaintiff stated at that time that he continued to experience discomfort with tooth #14. (Doc. 1-2, p. 8).

Plaintiff includes the grievance officer's response to his complaints, which states that

"On 9-29-16 dental was consulted about tooth #14," which also showed deep decay but could be filled. (Doc. 1-2, p. 9). Plaintiff "was seen on September 26, 2016, and signed a refusal to have the tooth [#14] filled." *Id.*

On January 5, 2017, Plaintiff filed another grievance, which states that tooth #14 is causing him "daily pain and suffering." (Doc. 1-2, p. 10). He asked for tooth #14 to be pulled immediately, because it was infected and interfered with his ability to eat. The counselor's response directed Plaintiff to "follow proper procedure and contact dental about tooth." *Id.* Plaintiff wrote a response, stating that he did not sign a refusal on September 26, 2016, for treatment of tooth #14, and wanted it to be pulled as it was originally scheduled. (Doc. 1-2, p. 11). The February 2017 response to this grievance directed Plaintiff to follow the nurse sick call and referral process. (Doc. 1-2, p. 12).

As relief, Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages. (Doc. 1, pp. 8-9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim for deliberate indifference to Plaintiff's dental needs, for extracting the wrong tooth (#13) and then for delaying and/or failing to provide treatment for the infected and painful tooth #14;
>
> **Count 2:** State law claim for medical malpractice/negligence, for extracting the wrong tooth (#13), when tooth #14 should have been extracted.

Counts 1 and 2 shall be dismissed at this time for failure to state a claim upon which relief may be granted. The Complaint (Doc. 1) shall also be dismissed, with leave to submit an amended complaint as directed below.

**Dismissal of Count 1 – Eighth Amendment**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). Notably, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth

Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes long-term problems with tooth #14, including an infection and ongoing pain which caused him to lose sleep and have difficulty eating.  The Complaint thus satisfies the objective component of an Eighth Amendment claim.  The remaining question is whether Plaintiff's prison dental providers acted or failed to act with deliberate indifference to a known risk of serious harm.

The Complaint fails to satisfy the subjective component of a deliberate indifference claim as to any of the named Defendants.  First, the action of pulling the wrong tooth (#13, when according to Plaintiff, #14 should have been extracted instead) does not suggest any deliberate indifference whatsoever.  The dentist who pulled tooth #13 apparently believed it was causing problems and needed to be pulled.  If that action was a mistake, then it may have amounted to malpractice or negligence at worst.  As noted above, malpractice and negligence simply do not violate the Constitution, and cannot support an Eighth Amendment claim.  *Duckworth*, 532 F.3d at 679.

The delay in providing treatment for Plaintiff's tooth #14, which continued to cause serious problems for Plaintiff as of his January 2017 grievance and possibly longer, could support an Eight Amendment claim for deliberate indifference.  In order to plead such a claim, however, Plaintiff must show that the Defendant(s) knew about his serious symptoms, yet failed to take action to remedy the problem.  The Complaint falls short of this requirement.

Plaintiff names only two individuals in his statement of claim:  Health Care Administrator Isaacs, and the Unknown Party Dentist who extracted the wrong tooth back in 2016.  As for Isaacs, Plaintiff makes only conclusory statements that she violated his rights – he

never describes any conduct on her part that would indicate she had any involvement in making decisions about his dental treatment, either at the time tooth #13 was pulled, or later on when Plaintiff sought treatment for tooth #14. Conclusory statements such as Plaintiff relies on in his pleading are insufficient to state a constitutional claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Without more factual content as to what Isaacs knew about Plaintiff's condition, and how she responded, the Court cannot determine whether she was deliberately indifferent to his condition. Similarly, nothing in the Complaint indicates that the Unknown Party Dentist violated Plaintiff's constitutional rights.

Plaintiff also asserts a claim against Wexford Services, Inc. ("Wexford"), as the employer of Isaacs and other dental providers at BMRCC. Wexford is a corporation that employs the health-care-professional Defendants and provides medical and dental care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Here, Plaintiff fails to allege that any of the individual Defendants either acted or failed to act as a result of an official policy or practice espoused by Wexford. He merely names Wexford and asks for a judgment against the company. (Doc. 1, p. 8). This is insufficient to state a claim for deliberate indifference against Wexford.

As for the remaining Defendants – Warden Garnett, Assistant Wardens Sullivan and Harrington, and Dr. McBride – Plaintiff fails to mention them at all in his statement of claim. He includes no facts about the involvement of any of these individuals in his dental treatment.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, wardens and administrators cannot be held liable for the unconstitutional acts of another person under their authority. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). For these reasons, the Complaint fails to state a claim against Garnett, Sullivan, Harrington, or McBride.

To summarize, Plaintiff's Complaint fails to state a deliberate indifference claim upon which relief may be granted against any of the Defendants. **Count 1** shall therefore be dismissed without prejudice.

However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

### Dismissal of Count 2 – Medical Malpractice/Negligence

Plaintiff also seeks to bring a state law claim for malpractice and/or negligence, presumably over the extraction of tooth #13 instead of #14, which he claims was a mistake.

Because of Plaintiff's failure to include factual allegations regarding the conduct of specific Defendants, it is not clear whether he is asserting malpractice/negligence claims only against Isaacs and the Unknown Party Dentist, or whether he means to include claims against other individuals. In order to state a claim against a Defendant, Plaintiff must describe what each Defendant did (or failed to do), in order to place them on notice of the claim and to enable them to prepare a response.

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the Complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the

complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. This alone is sufficient grounds to dismiss the malpractice/negligence claim in **Count 2.** Additionally, Plaintiff has failed to state a viable constitutional claim in Count 1, and must re-plead that claim if this action is to proceed. Because both Count 1 and Count 2 shall be dismissed without prejudice, Plaintiff must re-plead both counts in an amended complaint if he wishes to seek reinstatement of the malpractice/negligence claim in **Count 2**.

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

Plaintiff shall be allowed 35 days to file the required affidavit(s) for Count 2, along with an amended complaint, if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 2** may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

**Pending Motion**

The motion for service of process at government expense (Doc. 3) is **TERMINATED AS MOOT**. No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"). The Court shall order service on any defendants who remain in the action, providing Plaintiff submits an amended complaint that survives threshold review under § 1915A. 28 U.S.C. § 1915(d).

**Disposition**

**COUNTS 1 and 2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **GARNETT, SULLIVAN, HARRINGTON, ISAACS, WEXFORD SERVICES, INC., UKNOWN PARTY DENTIST,** and **McBRIDE** are **DISMISSED** from this action without prejudice.

Because both counts above have been dismissed, the Complaint (Doc. 1) is also **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within **35 days** of the entry of this order (**on or before August 2, 2017**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-501-MJR. The amended complaint shall present each claim in a

separate count as designated by the Court above. In each count, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 2**, Plaintiff shall file the required

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, along with his amended complaint. The affidavits must also be filed within 35 days of the date of this order, on the date specified above. Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2** may become a dismissal **with prejudice**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 28, 2017**

    s/MICHAEL J. REAGAN
Chief Judge
United States District Court